FOR PUBLICATION

FILED & ENTERED

FEB 26 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Ellen Lucile Salkin<br><br><br><br><br><br><br><br>Debtor(s). | Case No.: 6:13-bk-28775-MW<br><br>CHAPTER 7<br><br>**MEMORANDUM DECISION AND ORDER** |

Toan B. Chung, Roquemore, Pringle & Moore, Inc. for Chapter 7 Trustee John P. Pringle and Batkhand Zoljargal, The Alberts Firm, for Debtor Ellen Lucile Salkin

WALLACE, J.

John P. Pringle, duly appointed and acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of debtor Ellen L. Salkin ("Ms. Salkin") moves for entry of an order (the "Motion") compelling Ms. Salkin to turn over to the Trustee the original of a Promissory Note Secured by Deed of Trust dated October 19, 2001 (the "Note"). The Note, issued by the First Church of Christ, is owned and held (and has always been held and owned) by the Salkin Family

-1-

Trust, a trust created more than 30 years ago on June 8, 1984 (the "Trust"). The Note's original principal amount was $165,000 and is payable to the Trust in equal consecutive monthly installments of $1,273.50 (which includes interest at a rate of 8 percent per annum). The final payment is due November 14, 2026.

The Salkin Family Trust was formed by Marshall A. Salkin ("Mr. Salkin") and Ms. Salkin, husband and wife, as settlors. Mr. Salkin and Ms. Salkin (jointly, the "Salkins") served as co-trustees of the Trust from the time of the Trust's formation in 1984 until the death of Mr. Salkin on December 22, 2011. Upon Mr. Salkin's death, Ms. Salkin became the sole trustee. During the Salkins' joint lifetime, the Trust was revocable by the Salkins (jointly as to community property and individually as to separate property). All Trust net income was payable to the Salkins during their joint lives. Section 1.07 of the Trust provided that all property transferred to the Trust was to retain its character as separate or community property, as the case may be. Trust section 8.03 is a spendthrift provision that precludes any Trust beneficiary from alienating, encumbering or hypothecating his or her interest in Trust principal or income and precluding such interest from becoming subject to claims of such beneficiary's creditors.

Upon Mr. Salkin's passing in December 2011, the Salkin Family Trust became irrevocable pursuant to section 1.10 thereof. Under section 3.01, Ms. Salkin as sole trustee was directed to divide the Trust estate into two separate trusts, a "Family Trust" and a "Marital Trust." The portion allocated to the Family Trust was equal to the maximum dollar amount that could be distributed free of federal estate tax. The balance of the Trust estate was to be allocated to the Marital Trust. Because the value of the entire Trust estate was less than this maximum dollar amount, the entire Trust estate was allocated to the Family Trust.

Ms. Salkin is a lifetime net income beneficiary of the Family Trust under section 5.01 of the Trust. Additionally, Trust corpus can be distributed to her pursuant to section 5.02 for her "proper care, maintenance or support." Upon Ms. Salkin's death, the Family Trust is to be divided into equal shares and distributed to the Salkins' children. In the event no children or their issue are living at such time, the remainder is to be distributed to Sandra Beacon and the American Technion Society pursuant to Trust section 5.06.

Ms. Salkin's beneficial interest in the Trust entitling her to all of the Trust's net income clearly is property of the Estate.  11 U.S.C. § 541(a)(1) generally provides that a bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.  This is broad enough to reach Ms. Salkin's interest in Trust net income.  The spendthrift provision of Trust section 8.03 does not alter this result because California Probate Code section 15304(a) renders a spendthrift clause unenforceable against a transferee or creditor of the settlor (and the Trustee is a transferee of Ms. Salkin under 11 U.S.C. § 541).

Ms. Salkin's beneficial interest in the Trust entitling her to Trust principal to the extent reasonably necessary for her "proper care, support, and maintenance" under section 5.02 is also property of the estate.  11 U.S.C. § 541(a)(1).  The spendthrift clause of section 8.03 does not affect the Trustee's ability to realize upon this interest, as discussed above.   Although ordinarily a chapter 7 trustee would need to introduce evidence showing the amount of cash needed to satisfy a debtor-beneficiary's entitlement to a distribution necessary to pay for her "proper care, support and maintenance"–and the Trustee has made no such showing here–the gap is closed by Ms. Salkin's own declaration stating (and admitting, although it is doubtful any admission was intended) "I need the monthly proceeds from The Salkin Family Trust for my basic care and maintenance." Declaration of Ellen Lucille Salkin in Support of Debtor's Opposition to Chapter 7 Trustee's Motion for Order Compelling Turnover at page 2, lines 10-11.  Thus, outside bankruptcy, Ms. Salkin was entitled to receive the full amount of the monthly distributions from the Trust under section 5.02 and, inside bankruptcy, the Trustee is entitled to this amount.

At previous hearings relating to this matter, the Court indicated during oral argument that it was troubled by statutory language in California Probate Code section 15304(b) limiting a creditor's right to reach trust assets to the amount of a settlor's "proportionate contribution to the trust."  Here, the Trustee made no showing as to Ms. Salkin's proportionate contribution to the Trust, either at the time of the Trust's formation in 1984 or at any subsequent point in time up to the present.  The Trustee argued in response that section 15304(b) has no application in this case because 11 U.S.C. § 541(a)(1) places the entire interest in the Trust within the bankruptcy estate, citing *Cutter v. Seror (In re Cutter)*, 398 B.R. 6 (B.A.P. 9th Cir. 2008).  Specifically, at 398 B.R. 21,

the Bankruptcy Appellate Panel of the Ninth Circuit writes "[i]f, however, the trust agreement allows the debtor-beneficiary to exercise control over and reach trust property contributed by others, the estate is entitled to the maximum amount that the trust could pay or distribute to the debtor-beneficiary."

As discussed above, Ms. Salkin is the sole trustee of the Trust and possesses the right to Trust principal and income. For these reasons, the Court will follow *Cutter* and grant the Motion. Armed with the right to all Trust income and all Trust principal, the Trustee can properly demand that Ms. Salkin, in her capacity as trustee, turn over the Note to the Trustee.

Although 11 U.S.C. § 541(a)(1) provides a bankruptcy trustee with all of the debtor's rights in property, it does not provide the trustee with rights <u>greater</u> than those possessed by the debtor. An issue neither party has addressed is whether an entitlement to Trust principal to the extent reasonably necessary for "proper care, support and maintenance" is limited by temporal considerations. For example, if it were shown by admissible evidence that reasonably anticipated annual distributions of trust principal for proper care, support and maintenance of the beneficiary multiplied by the beneficiary's life expectancy was less than the total amount of trust principal (with the result that the trust contingent beneficiaries had an expectation that some money would be left over for them after the beneficiary passed away), would a bankruptcy trustee for the bankruptcy estate of the beneficiary be limited to this lesser sum or would the bankruptcy trustee be entitled to the entire trust estate? *Cutter* seems to point the way to the conclusion that the bankruptcy trustee is entitled to the entire trust estate, but this gives the bankruptcy trustee greater rights to the trust principal and income than the debtor herself possessed.

An additional issue is whether a bankruptcy trustee can in effect accelerate a right to distributions of trust principal for "proper care, support and maintenance" where the debtor herself did not possess this right. (In other words, a debtor with an entitlement to obtain a trust principal distribution for "proper support, care and maintenance" might be required by the trust terms and applicable law to limit requests for trust principal to the amount accruing for these purposes within a single year or shorter period and might not have the right to accelerate all payments for these purposes for an entire lifetime into a single year, as in "[g]ive me right now all the money I will need

for 'proper care, support and maintenance' for the rest of my life)."

Because neither party has raised these issues the Court will not decide them here, lacking as it does any knowledge of Ms. Salkin's age or life expectancy nor having had the benefit of briefing on the issues.

IT IS SO ORDERED.

###

Date: February 26, 2015

Mark S. Wallace
United States Bankruptcy Judge